18-3113
Huang v. Barr

BIA
Thompson, IJ
A087 638 531

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand twenty.

PRESENT:
>        ROBERT A. KATZMANN,
>             *Chief Judge,*
>        RICHARD J. SULLIVAN,
>        STEVEN J. MENASHI,
>             *Circuit Judges.*

_____

WENTING HUANG,
>        *Petitioner,*

>        v.                                          18-3113
                                                     NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            Gary J. Yerman, New York, NY.

FOR RESPONDENT:            Joseph H. Hunt, Assistant Attorney
                           General; Anthony P. Nicastro,
                           Assistant Director; Jonathan
                           Robbins, Senior Litigation
                           Counsel; Nello DeSimone, Law
                           Clerk, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wenting Huang, a native and citizen of the People's Republic of China, seeks review of a September 21, 2018, decision of the BIA affirming an October 24, 2017, decision of an Immigration Judge ("IJ") denying Huang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wenting Huang,* No. A087 638 531 (B.I.A. Sept. 21, 2018), *aff'g* No. A087 638 531 (Immig. Ct. N.Y. City Oct. 24, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163–64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Huang was not credible as to his claim that he was detained and beaten for attending an unregistered church in China.

The agency reasonably relied in part on Huang's demeanor, noting that he became hesitant and unresponsive on cross-examination and that he provided shifting answers when

3

confronted with inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor). Huang did not exhaust and waives any challenge to the demeanor finding; because that finding is supported by the record, it stands as a valid basis for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Shunfu Li v. Mukasey*, 529 F.3d 141, 146–47 (2d Cir. 2008).

The demeanor finding and overall credibility determination are bolstered by record inconsistencies regarding whether Huang was attending a regular church service or another church activity when arrested and regarding the date on which he was released from detention. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006)("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Huang did not compellingly explain these inconsistencies. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his

4

inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Having questioned Huang's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with his parents' testimony. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). When asked why he did not present his parents' testimony given that they were living in New Jersey, Huang stated that he did not think it was necessary because he is independent and that he did not want to expose them to such an experience. The IJ did not err in rejecting these explanations because his parents were witnesses to his alleged persecution, having purportedly paid for his release from detention and driven him from the police station to the hospital upon his release, and his parents were involved in their own asylum proceedings and thus did not need shielding from the experience of testifying. *Cf.*

*Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011) (finding it reasonable to reject an applicant's argument that her husband was unavailable to testify on her behalf in asylum proceedings where her husband "had a common interest in her presenting the strongest possible case" and an "incentive to appear on her behalf").

Given the agency's demeanor, inconsistency, and corroboration findings, its adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

There is no merit to Huang's argument that the BIA violated due process by ignoring his argument that his father's letter was incorrectly translated. The BIA considered that argument and reasonably found it unpersuasive given Huang's failure to submit a corrected translation. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is]

6

claims or that [he was] otherwise deprived . . . of fundamental fairness." (internal quotation marks omitted)). Huang also fails to establish the requisite prejudice because, even if his father's letter were translated so that it was consistent with Huang's other evidence as to the date of Huang's release from detention, Huang testified inconsistently on that issue and the IJ made other findings that supported the adverse credibility determination. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7